UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cr-00029-SEB-MGN |
| | ) | |
| MICHAEL JOSEPH LANHAM, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cr-00029-SEB-MGN |
| | ) | |
| MICHAEL JOSEPH LANHAM, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Michael Joseph Lanham has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 66. For the reasons explained below, his motion for compassionate release is **denied**.

## I. Background

Mr. Lanham is currently serving a 180-month sentence after he pled guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. § 841(a)(1). Dkt. 56. According to the Presentence Investigation Report, in 2013, a multi-agency investigation was conducted regarding the distribution of methamphetamine in the Southern District of Indiana, and it was discovered that Mr. Lanham was distributing crystal methamphetamine. Dkt. 55 at 1. After receiving a tip that Mr. Lanham would be receiving a shipment of methamphetamine via U.S. Postal Service Express Mail, a package from a known associate of his was searched at a postal inspection center and was found to contain methamphetamine. *Id.* at 1-2. Officers conducted a controlled delivery of the package to the address, where it was handed directly to Mr. Lanham. *Id.* at 4. Officers searched the residence and

found 221 grams of methamphetamine (actual), and Mr. Lanham admitted to receiving two or three packages per month of methamphetamine from a person in Fresno, California. *Id.*

The Bureau of Prisons ("BOP") reports Mr. Billingsley's anticipated release date as February 25, 2027. *See* https://www.bop.gov/inmateloc/ (last visited October 19, 2026).

Mr. Lanham argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his father had a stroke along with three clogged arteries and Mr. Lanham wished to be his caregiver, however, his father has since passed away and he now states that he needs to be released to help his stepmother distribute his father's estate; (2) the rehabilitation he has completed while incarcerated; and (3) his own medical issues. The Court has concluded it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has

issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court first addresses Mr. Lanham's claim that his father's health is an extraordinary and compelling reason for compassionate release. On April 7, 2025, Mr. Lanham informed the Court that his father had passed away, but he still requested compassionate release because his stepmother needed help distributing his estate as his brother was also incarcerated and his father still owed money on their home when he passed away. Dkt. 68. While the Court sympathizes with Mr. Lanham's desire to help his stepmother settle his father's estate, this is not an extraordinary and compelling reason for purposes of compassionate release.

Next, Mr. Lanham asserts that his rehabilitation is an extraordinary and compelling reason for compassionate release. While the Court commends Mr. Lanham for completing the R-Dap program and keeping a clean record while being incarcerated, that is what is expected of him. Under the United States Sentencing Guidelines, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." § 1B1.13(d). Accordingly, Mr. Lanham's rehabilitation is not an extraordinary and compelling reason for compassionate release.

Lastly is Mr. Lanham's claim that his own health issues qualify as an extraordinary and compelling reason for compassionate release. Under the United States Sentencing Guidelines, if a defendant is "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or "suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," that can be considered an extraordinary and

compelling reason for purposes of compassionate release. § 1B1.13(b)(1)(B) and (C). Mr. Lanham represents that he is suffering from ulcerative colitis, various infections, and hypothyroidism. Mr. Lanham states that he is currently being treated by the BOP. Dkt. 73 at 1-2. Therefore, he can provide self-care while incarcerated. Moreover, while Mr. Lanham mentions that ulcerative colitis can lead to life threatening complications, he is being provided with care while incarcerated. Accordingly, he does not meet the requirements of § 1B1.13(b)(1)(B) or (C).

Even if the Court were to decide that Mr. Lanham had an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A), the Court would nevertheless find that Mr. Lanham is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in his favor.[1]

Weighing in his favor is his dedication to helping his family. Weighing against him, however, is his lengthy criminal history, including several drug-related felonies. This makes him a danger to society and at a higher risk of recidivism. Moreover, Mr. Lanham is currently in a residential reentry program and not incarcerated and is scheduled to be released on February 25, 2027, so he may help his stepmother at that time.

In light of these considerations, the Court finds that releasing Mr. Lanham now would not: reflect the seriousness of his offenses; promote respect for the law; provide just punishment for his offenses; afford adequate deterrence to criminal conduct; or protect the public from further crimes.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Michael Joseph Lanham's motion for compassionate release, dkt. [66], is **denied**.

**IT IS SO ORDERED.**

Date: 10/20/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael Joseph Lanham
Reg. No. 12100-028
RRM Nashville
Residential Reentry Office
701 Broadway St, SUITE 124
Nashville, TN 37203

All Electronically Registered Counsel